E-FILED – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1244-GHK (JPRx) | Date | April 27, 2015 |
|---|---|---|---|
| Title | *Tyson Zoltan Heder v. City of Los Angeles, et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re**: Plaintiff's Motion to Remand [Dkt. 11]

This matter is before us on the above-captioned Motion. We have considered the papers filed in support of and in opposition to this Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows:

**I.     Procedural and Factual Background**

On November 13, 2012, Plaintiff Tyson Zoltan Heder ("Plaintiff") filed this action ("*Heder I*") in Los Angeles Superior Court against Defendants City of Los Angeles, Los Angeles Police Department, Officer Joshua Medina, Officer Lyndon Barber, Sergeant Rudy Barillas, Officer Thomas Vago, and Captain John Incontro ("Defendants") alleging the following claims regarding injuries he purportedly suffered during an Occupy L.A. protest at Los Angeles City Hall on November 30, 2011: (1) assault and battery; (2) intentional infliction of emotional distress; (3) false arrest and false imprisonment; (4) malicious prosecution; (5) abuse of process; (6) violation of civil rights; (7) violation of constitutional right to be free from unreasonable and excessive force; (8) unlawful custom and practice; (9) conspiracy to deprive civil rights; (10) negligence; (11) negligent employment/retention/supervision; (12) failure to protect/intervene; (13) *Monell* liability; and (14) violation of California Civil Code Section 52.1. (Notice of Removal ("NOR"), Ex. 1.) On February 7, 2013, Defendants successfully removed this action to federal court, asserting federal question jurisdiction. [*See* 13-cv-910-GHK (JPRx), Dkt. 1.] On April 7, 2013, pursuant to stipulation by the Parties, Plaintiff filed a proposed Second Amended Complaint ("SAC") that dismissed six claims,[1]

---

[1] Plaintiff dismissed federal claims 6, 7, 8, 13 and state claims 9 and 12. Plaintiff also removed any reference to Section 1983 or federal laws in his malicious prosecution claim. (*Compare Heder I*, Compl. at ¶ 76 ("[D]efendants' malicious prosecution was in violation of state and federal laws, including without limitation, the Ralph [and] Bane[] Acts and 42 USC § 1983.") *with Heder I*, SAC at ¶ 74 ("Defendants' prosecution of Plaintiff was done with malice and in violation of the law, including without limitation, the Ralph and Bane Acts.").)

E-FILED – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1244-GHK (JPRx) | Date | April 27, 2015 |
|---|---|---|---|
| Title | *Tyson Zoltan Heder v. City of Los Angeles, et al.* | | |

including all of his federal claims, and a proposed remand order. (NOR, Ex. 2.) On April 15, 2013, we allowed Plaintiff to file his SAC and remanded this action back to state court. (NOR, Ex. 3.)

On October 23, 2014, Plaintiff filed a new federal action that reasserted the same fourteen federal and state law claims against the same Defendants based on the same November 2011 incident. [*See* 14-cv-8215-GHK (JPRx), Dkt. 1 ("*Heder II*").] Plaintiff served *Heder II* on Defendants on January 21, 2015. (NOR at 3.) Defendants removed this action again on February 20, 2015, claiming that, by filing *Heder II*, Plaintiff is "attempting to, in effect, negate the stipulated agreement of the parties which allowed the instant action to be remanded." (NOR at 4.) On March 16, 2015, we issued an Order to Show Cause ("OSC") regarding subject matter jurisdiction, as Plaintiff's SAC asserts only state law claims and Defendants' NOR did not explain why we have jurisdiction over this action. [Dkt. 10.] On March 20, 2015, Plaintiff filed this Motion to Remand ("Motion"), asserting that we lack subject matter jurisdiction and arguing that Defendants' NOR suffers from procedural defects because it is untimely and because Defendants "forfeited their option to remove Plaintiff's SAC by repeatedly continuing the state court trial." (Mot. at 1, 4.) Defendants separately filed an Opposition to the procedural issues raised in Plaintiff's Motion and a response to our OSC ("OSC Response") regarding subject matter jurisdiction. [Dkts. 15-16.]

## II.   Legal Standard

A defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action, either on the basis of a federal question or diversity of the parties. 28 U.S.C. § 1441. However, "[i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A plaintiff objecting to the removal may move for remand due to lack of subject matter jurisdiction or another defect, such as the timeliness of removal. *See* 28 U.S.C. § 1447(c). Federal question jurisdiction under 28 U.S.C. § 1331 requires that an action "arise under" federal law. In order for a complaint to state a claim arising under federal law, it must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question. *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840-41 (1989); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

## III.   Analysis

As we noted in our OSC, Defendants do not dispute that the SAC is the "operative Complaint" in this action. (*See* OSC at 1 n.1; NOR at 2.) Defendants also do not dispute that, on its face, Plaintiff's SAC does not include any federal claims and seemingly does not present us with any basis for subject matter jurisdiction. (*See* OSC Response at 2.) Instead, Defendants argue that Plaintiff's malicious prosecution claim is artfully pled to avoid federal jurisdiction. (*See id.*) "[U]nder the artful pleading rule a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *ARCO Envtl. Remediation v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1114 (9th Cir. 2000) (internal quotation marks omitted). The artful pleading doctrine arises in the following three

E-FILED – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1244-GHK (JPRx) | Date | April 27, 2015 |
|---|---|---|---|
| Title | *Tyson Zoltan Heder v. City of Los Angeles, et al.* | | |

situations: "(1) where federal law completely preempts state law . . . (2) where the claim is necessarily federal in character . . . or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." *Id.* (citations omitted). The Ninth Circuit has made clear that we should "invoke the doctrine only in exceptional circumstances." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987) (internal quotation marks omitted).

Defendants claim the artful pleading doctrine applies here because "Plaintiff now concedes[2] that malicious prosecution does not arise under state law because of immunities"[3] and thus, "Plaintiff's right to relief, if any, is exclusively a matter of federal law." (OSC Response at 3.) We conclude that none of the artful pleading scenarios applies here. First, Plaintiff's malicious prosecution claim is not completely preempted by federal law, as Section 1983 does not purport to abrogate such state law claims. Defendants contend, without further explanation or supporting citation, that the fact that absolute immunity might apply makes this situation "[s]imilar to [being] subject to a preemption defense in state court." (OSC Response at 3.) But, even if this were true, a "preemption defense" would not provide grounds for removal, as a federal defense does not support federal question jurisdiction.[4] *See Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983).

---

[2] We disagree that Plaintiff has conceded that his malicious prosecution claim is barred by absolute immunity. Plaintiff maintains that his malicious prosecution claim may only potentially be barred, and he was actively pursuing this claim under state law prior to removal. (*See, e.g.*, Mot. at 1-2 (emphasis added, citations omitted) ("Plaintiff became aware that Defendants *may* be able to rely on absolute immunity in defense of Plaintiff's Malicious Prosecution . . . claim[] in the State Court Action. . . . Plaintiff was unable to determine whether or not Defendants effectively raised the absolute immunity defense through discovery. Plaintiff filed a Motion In Limine on the subject that was pending in February of 2015 when Defendants filed their Second Notice of Removal."); Joint Rule 26(f) Report, Dkt. 21 at 6 ("The state court case was set to begin trial on March 31, 2015. A Pitchess Motion and seven (7) Motions in Limine were pending at the time of Defendants' removal.").)

[3] Although Plaintiff's abuse of process claim is also purportedly subject to immunity, Defendants do not argue that it is also an artfully pled federal claim. (*See* Mot. at 2 ("Plaintiffs' CV-14-8215 action was filed as a prophylactic measure to preserve Plaintiff's claims for Malicious Prosecution and Abuse of Process if they were unable to proceed in the State Court Action because of potential vulnerability to an affirmative defense of absolute immunity.").)

[4] We also disagree with Defendants to the extent that they are arguing that a potential absolute immunity defense is analogous to complete preemption. Claims subject to complete preemption fall under the artful pleading doctrine because they *must* be brought under federal law in order to be successful, no matter the legal argument or theory involved. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 476 (1998) (internal quotation marks omitted) ("Although federal preemption is ordinarily a defense, [o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law."). The same cannot be said for the potential immunity defense here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1244-GHK (JPRx) | Date | April 27, 2015 |
|---|---|---|---|
| Title | *Tyson Zoltan Heder v. City of Los Angeles, et al.* | | |

Second, Plaintiff's malicious prosecution claim is not federal in nature. *See Brennan*, 134 F.3d at 1409 ("Artful pleading exists where a plaintiff articulates an inherently federal claim in state-law terms."). Granted, a malicious prosecution claim can be based in federal law,[5] but the SAC makes no reference to any violation of federal law or constitutional rights. (*See Heder I*, SAC at ¶ 74 ("Defendants' prosecution of Plaintiff was done with malice and in violation of the law, including without limitation, the Ralph and Bane Acts.").)[6] Contrary to Defendants' arguments, just because Plaintiff's state law claim might ultimately prove unsuccessful does not mean that he has necessarily pled a Section 1983 claim here. *Cf. Brumfield v. City of Baker*, 2011 WL 5178267, at *3-4 (M.D. La. Sept. 30, 2011) ("[T]he fact that plaintiff seeks attorney's fees [for his malicious prosecution suit], which are not available under any applicable state law, is not sufficient to establish federal question jurisdiction."). Thus, we have no grounds upon which to conclude that the real nature of Plaintiff's claim is federal. *Cf. Brennan*, 134 F.3d at 1409, 1412 (affirming district court's refusal to remand a suit that "in substance, [] constitute[d] a suit for a tax refund").

Third, none of the elements of Plaintiff's state law claim depends on the resolution of a "substantial, disputed federal question." *See Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 345 (9th Cir. 1996) ("[J]urisdiction may still lie if it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims."). Accordingly, we are unconvinced that we have federal question jurisdiction over this matter, especially since we should apply the artful pleading doctrine only in "exceptional circumstances." *See Sullivan*, 813 F.2d at 1372.

Finally, to the extent that Defendants are arguing that we have jurisdiction over this suit because we have jurisdiction over *Heder II*, which asserts federal claims regarding the same set of operative facts, Defendants are incorrect. *See* Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2D-1, 2:2203 ("That a state court case is closely related to an action pending in federal court is not ground for removal to federal court."); *see also Weinrich v. Levi Strauss & Co.*, 366 F. Supp. 2d 439, 444-45 (S.D. Miss. 2005) (remanding suit asserting state law claims when the only federal question could be found in separate federal case involving the same facts and parties). The removal statute provides that defendants can remove only actions of which we have original jurisdiction, which the state law claims in *Heder I* do not provide. *See* 28 U.S.C. § 1441. Thus, even though Defendants argue that allowing removal and consolidating the *Heder I* and *Heder II* actions "might promote judicial economy," we are "not free to

---

[5] *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (internal quotation marks omitted) ("In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.").

[6] In contrast, Plaintiff's original Complaint revealed an intent to pursue a federal malicious prosecution claim. (*See Heder I*, Compl. at ¶ 76 ("[D]efendants' malicious prosecution was in violation of state and federal laws, including without limitation, the Ralph [and] Bane[] Acts and 42 USC § 1983.").)

E-FILED – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1244-GHK (JPRx) | Date | April 27, 2015 |
|---|---|---|---|
| Title | *Tyson Zoltan Heder v. City of Los Angeles, et al.* | | |

implement policies . . . which, though desirable, lie beyond the scope of the removal statute." *See Sullivan*, 813 F.2d at 1377 (internal quotation marks omitted).

**IV.    Conclusion**

Defendants cannot manufacture a basis for removal where none exists.  We take a dim view of Defendants' attempt to hijack the state trial and remove on such non-substantial grounds.  In light of the foregoing discussion,[7] Plaintiff's Motion is **GRANTED**.  This case is **REMANDED** to the court from which it was removed.

   **IT IS SO ORDERED.**

|   |   | -- | : | -- |
|---|---|---|---|---|
|   | Initials of Deputy Clerk |   | Bea |   |

---

[7] Because we do not have subject matter jurisdiction over this action, we do not address the purported procedural deficiencies that Plaintiff raises in his Motion.